UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-61045-BLOOM

FRANKLYN MCCURRIE,

    Petitioner,

v.

FLA. DEP'T OF CORR.,

    Respondent.
_____/

## ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon Petitioner Franklyn McCurrie's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, ECF No. [1], filed on May 12, 2021.[1] Petitioner attacks the constitutionality of his convictions and sentences entered after jury trial in the Seventeenth Judicial Circuit in Broward County, Florida case number 111-006457-CF-10A. ECF No. [1] at 1. Respondent filed a Response, ECF No. [11], with exhibits and transcripts, ECF Nos. [13, 13-1, 13-2, 14, 14-1, 14-2, 14-3, 14-4, 14-5], opposing relief. Petitioner filed a Reply, ECF No. [18]. The Court has carefully considered the Petition, all opposing and supporting submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Petition is dismissed as time-barred.

### I.    BACKGROUND

Petitioner is a state inmate at Moore Haven Correctional Institution. ECF No. [10]. A jury found Petitioner guilty of one count of vehicular homicide and three counts of reckless driving

---

[1] "Under the prison mailbox rule, a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations and internal quotation marks omitted).

with personal injury and/or property damage. ECF No. [1] at 1; ECF No. [13-1] at 8-9. The trial court imposed a sentence of 117. 3 months' imprisonment. *Id.*; ECF No. [13-1] at 22-31. Petitioner timely appealed to the Fourth District Court of Appeal ("Fourth DCA"). *Id.* at 2; ECF No. [13-1] at 33. On appeal, the Fourth DCA affirmed the convictions and sentences per curiam. *Id.*; *McCurrie v. State*, 212 So. 3d 371 (Fla. 4th DCA 2016) (table). Petitioner filed a motion for rehearing en banc or in the alternative for the issuance of a written opinion. On August 1, 2016, the Fourth DCA denied the motion. ECF No. [13-1] at 164-69, 177. Petitioner did not seek further review of his conviction or sentence with the United States Supreme Court.

On August 15, 2017, Petitioner filed a counseled Petition to Vacate Judgment and Sentence pursuant to Rule 3.850 of Florida Rules of Criminal Procedure ("Rule 3.850 Motion"). ECF No. [1] at 2; ECF No. [13-1] at 181-238. The trial court summarily denied the Rule 3.850 Motion. *Id.* at 3; ECF No. [13-1] at 268. Petitioner appealed the denial to the Fourth DCA, but the appellate court per curiam affirmed the trial court's denial. *Id.* at 3-4; *McCurrie v. State*, No. 4D20-776, 2020 WL 7861351 (Fla. 4th DCA 2020). On January 29, 2021, the mandate issued. ECF No. [13-2] at 64.

On May 12, 2021, Petitioner filed the instant Petition. ECF No. [1].

## II. LEGAL STANDARD

Federal review of state habeas petitions is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Section 2254 provides federal habeas relief for a person in state custody only if the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or if a petitioner's state-court claim resulted in a decision that was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Brumfield v. Cain*, 576 U.S. 305, 311 (2015) (quotation marks omitted; quoting 28 U.S.C. §

2254(d)).

Pursuant to 28 U.S.C. § 2244(d), a one-year period of limitation "shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d). The statute of limitations begins to run one year after the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* §§ 2244(d)(1)(A)–(D).

Under § 2244(d)(1)(A), "the judgment becomes final . . . when the time for pursuing direct review in [the Supreme] Court, or in state court, expires." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (alterations added). In Florida, if the appellate court affirms a conviction in a written or elaborated opinion, a petitioner may seek discretionary relief in the Florida Supreme Court. *See* Fla. R. App. P. 9.120(b). If discretionary review is not sought, the conviction becomes final when the 30-day period for seeking review in the Florida Supreme Court expires. *See* 28 U.S.C. § 1257(a) (the Supreme Court may review final judgments or decrees rendered by "the highest court of a State in which a decision could be had"); Sup. Ct. R. 13.1. The limitations period is tolled, however, for the time during which a properly filed application for post-conviction or other collateral review is pending in the state court. *See* 28 U.S.C. § 2244(d)(2). Consequently, where a petitioner sits on any claims or allows any time gaps to accrue post-conviction, § 2244's one-year clock continues to run. *See Kearse v. Sec'y, Fla. Dep't of Corr.*, 736 F.3d 1359, 1362 (11th Cir. 2013).

### III.    DISCUSSION

The Petition is time-barred. On June 23, 2016, the Fourth DCA per curiam affirmed Petitioner's convictions and sentences without written opinion. *McCurrie*, 212 So. 3d at 371. Petitioner's conviction became final on October 30, 2016, 90 days after the Fourth DCA denied Petitioner's motion for rehearing en banc. *See Wells v. State*, 132 So. 3d 1110 (Fla. 2014) ("We therefore hold that this Court does not have discretionary jurisdiction over unelaborated per curiam dismissal from the district courts of appeal [] that are issued without opinion or explanation, whether in opinion form or by way of unpublished order[.]" (alterations added)); *Gonzalez v. Thaler*, 565 U.S. 134 (2012) (citing Sup. Ct. R. 13) (holding that the period for seeking review in the United States Supreme Court is 90 days from the day the judgment from a "state court of last resort" is entered); Sup. Ct. R. 13 ("[I]f a petition for rehearing is timely filed in the lower court by any party . . . the time to file the petition for a writ of certiorari . . . runs from the date of the denial of rehearing[.]" (alterations added)).

Time ran **untolled for 289 days** until August 15, 2017, when Petitioner filed a counseled Rule 3.850 Motion. ECF No. [1] at 2; ECF No. [13-1] at 181-208. On January 14, 2020, the trial court denied Petitioner's Rule 3.850 Motion. *Id.* at 3; ECF No. [13-1] at 268. Petitioner appealed to the Fourth DCA. *Id.*; ECF No. [13-1] at 270; ECF No. [13-2] at 2-43. The Fourth DCA per curiam affirmed the denial and on January 29, 2021,   and the mandate issued. ECF No. [13-2] at 62, 64.

Following issuance of the mandate, Petitioner had **76 days remaining** under the statute of limitations. In order to toll the statute of limitations, Petitioner was required to file his Petition or a properly filed collateral review motion **on or before April 18, 2021**. However, Petitioner did not file the Petition until May 12, 2021, 27 days after the expiration of the AEDPA's one-year limitation period. ECF No. [1] at 22 (date the Petition was stamped as received by Everglades Re-

entry Correctional Institution).

The one-year limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is only proper only if the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 649 (citation omitted). "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008) (per curiam) (citation omitted). Equitable tolling is "an extraordinary remedy limited to rare and exceptional circumstances and typically applied sparingly." *Cadet v. Fla., Dep't of Corr.*, 742 F.3d 473, 477 (11th Cir. 2014) (citation and internal quotation marks omitted).

Here, Petitioner did not raise equitable tolling as an exception to the AEDPA's procedural bar in the Petition; however, in Reply, Petitioner argues that "103 days that the [R]espondent classified as untolled days[] are covered under equitable tolling[] due to extraordinary circumstances that [were] beyond the [P]etitioner's control and unavoidable with due diligence." ECF No. [18] at 2 (alterations added). Petitioner argues that from 2019 to 2021 he was housed at Moore Haven Correctional Institution. *Id.* Petitioner states that Covid-19 "crippled" the day-to-day operations of the institution and that there was a lockdown in place rendering the law library was "inoperable." *Id.* As a result, he could not conduct research, obtain legal assistance, or draft his petition. *Id.*

On February 1, 2021, Petitioner was transferred to Everglades Re-entry. *Id.* The institution "did not have a law library[] nor did the administration provide the means for the [P]etitioner to research and draft his motion." *Id.* (alterations added). Petitioner states that from the time he was transferred until May 2021, he filed several grievances with the prison administration and the Florida Department of Corrections asking for access to the law library or to be transferred to an

institution with a "functional law library in order to complete his legal work." *Id.* In May of 2021, Petitioner states he was transferred back to Moore Haven Correctional Institution "where he was able to complete his law work." *Id.* "[H]ad it not been for these unavoidable, . . . , extraordinary set of circumstances," Petitioner argues the Petition would have been timely filed. *Id.* (alterations added).[2]

Petitioner is not entitled to the extraordinary remedy of equitable tolling. As a preliminary matter, Petitioner's argument in support of equitable tolling is internally inconsistent. It is not totally clear whether Petitioner was housed at a facility with a law library. Petitioner argues that Everglades Re-entry did not have a law library but included with his Reply a grievance he filed requesting access to the facility's law library. *See* ECF No. [18] at 29 (response from the Warden returning Petitioner's formal grievance without process due to procedural error and noting that Petitioner was "scheduled to visit the Law Library in the coming days.). Additionally, Petitioner states that it was not until May 2021 when he was transferred back to Moore Haven Correctional Institution that he was able to "complete his law work." *Id.* at 2. But this conflicts with the Petition, which lists his place of confinement as Everglades Correctional Institution, has a return address showing Everglades Re-entry, and was date-stamped as received by "Everglades C.I. Re-Entry" on May 12, 2021. ECF No. [1] at 1, 22.

Next, Petitioner has not met his burden of proof to show that he pursued his rights with due diligence. Petitioner states that he filed several grievances complaining about not having access to the law library. Attached to the Reply are copies of three of the grievances: a February 1, 2021 informal grievance, a February 17, 2021 informal grievance, and an April 15, 2021 formal grievance. ECF No. [18] at 23, 25-28, 31. Upon review, only one of the grievances, the April 15,

---

[2] Petitioner also appears to argue that the United States Supreme Court added an extra 60 days to filing deadlines as a result of Covid-19 but he does not cite to any order or case law to support this proposition.

2021 formal grievance, complains about access to the law library. A single grievance filed two days before the one-year statute of limitations expired does not constitute due diligence. Moreover, the grievance was returned without process because there was no record of Petitioner first filing the required prerequisite, an informal grievance. *Id.* at 29.

Finally, even if Petitioner had alleged due diligence, the Eleventh Circuit has held that prison lockdowns and restricted access to a law library or legal documents do not constitute extraordinary circumstances to warrant equitable tolling. *See Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007). Therefore, Petitioner cannot rely on an equitable exception or excuse to overcome the untimeliness of his Petitioner. Without an applicable equitable exception, the Petitioner's claim is time-barred.

## IV.    CERTIFICATE OF APPEALABILITY

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal and instead must obtain a certificate of appealability to do so. *See* 28 U.S.C. § 2253(c)(1); *see also Harbison v. Bell*, 556 U.S. 180, 183 (2009). It is appropriate to issue a certificate of appealability where a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a petitioner's claim on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong in order to be issued a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Alternatively, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Upon review of the record and relevant authorities, the Court concludes that the Petitioner is not entitled to a certificate of appealability.

Case No. 21-cv-61045-BLOOM

### V.     CONCLUSION

Accordingly, it **is ORDERED AND ADJUDGED** that Petitioner Franklyn McCurrie's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 by a Person in State Custody, **ECF No. [1]**, is **DISMISSED as time-barred**. The Clerk is directed to **CLOSE** this case and any pending motions are **DENIED as moot**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 26, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Franklyn McCurrie, *Pro Se*
#I47071
Moore Haven Correctional Facility
Inmate Mail/Parcels
Post Office Box 719001
Moore Haven, FL 33471